UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x     Case No.:  24-cv-09803

SLICE INSURANCE TECHNOLOGIES, INC.,

    Plaintiff,

                    -against-

APPALACHIAN UNDERWRITERS, INC.

    Defendant.

------------------------------------------------------x

**STIPULATED PROTECTIVE ORDER**

Plaintiff Slice Insurance Technologies, Inc. ("Plaintiff") and Defendant Appalachian Underwriters, Inc. ("Defendant") (individually, a "Party" and together, the "Parties"), by and through their respective counsel, have jointly stipulated to the terms of this Protective Order ("Order"), as follows:

## I.      PURPOSE AND LIMITATIONS

Disclosure and discovery in this action are likely to require production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.      DEFINITIONS

1.      "Action": *Slice Insurance Technologies, Inc. v. Appalachian Underwriters, Inc.*, United States District Court for the Southern District of New York, Case No. 24-cv-09803.

2.      "Challenging Party": A Party or Non-Party that challenges the designation of information or items under this Order.

3.    "Confidential": information or tangible things that qualify for protection to be treated confidentially under applicable law.

4.    "Counsel": Outside Counsel of Record and In-House Counsel (as well as support staff of each).

5.    "Designating Party": A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

6.    "Disclosure or Discovery Material": All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7.    "Expert": A person or entity with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. "Expert" shall specifically include electronic discovery vendors.

8.    "Highly Confidential – Attorneys' Eyes Only": Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

9.    "In-House Counsel": Attorneys who are employees of a party to this action or a party's parent, subsidiary, or affiliated company. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

10.    "Non-Party": Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

11.    "Outside Counsel of Record": Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, including those attorneys who have appeared in this action on behalf of that Party and those attorneys who have not made an

143656628v.2

official appearance in this action provided that they are employed by the same firm as, and are working in conjunction with, attorneys who have entered an appearance on behalf of that party for this action.

12.    "Party": Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staffs), and those of its parent, subsidiary, or affiliated companies.

13.    "Producing Party:" A Party or Non-Party that produces Disclosure or Discovery Material in this action.

14.    "Professional Vendors": Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15.    "Protected Material": Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

16.    "Receiving Party": A Party that receives Disclosure or Discovery Material from a Producing Party.

### III.    SCOPE

17.    The protections conferred by this Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material.

18.    The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior

to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

the information lawfully and under no obligation of confidentiality to the Designating Party.

19.     The protections conferred by this Order apply retroactively to any Protected

Material produced by either party prior to entry of this order.

**IV.     DURATION**

20.     Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

**V.     DESIGNATING PROTECTED MATERIAL**

21.     *Exercise of Restraint and Care in Designating Material for Protection*. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. If

it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection, that Designating Party must promptly notify all other

Parties that it is withdrawing the mistaken designation.

22.     *Manner and Timing of Designations*. Except as otherwise provided in this Order,

or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.  The

Parties expressly recognize the possibility of production of Discovery Material prior to the Court's

entry of this Order and agree that, amongst the Parties, such Discovery Material shall be treated

according to the terms and restrictions of this Order.  Designation in conformity with this Order

requires:

4

a.      For documents (excluding transcripts), the Producing Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page that contains protected material.

b.      For electronic files for which "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the files shall be designated as set forth in the Parties' Stipulated Order Governing Discovery of Hard Copy and Electronically Stored Information, filed concurrently herewith.

c.      For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall try to identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. However, whether designated as such at the deposition or not, all designations of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must be made within 14 days of receipt of a deposition transcript. If the transcript has not been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within 14 days following receipt of the transcript, except upon stipulation by the parties or Court order, the transcript shall no longer be considered "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

d.      For information produced in other than documentary form, the files shall be designated as set forth in the Parties' Stipulated Order Governing Discovery of Hard Copy and Electronically Stored Information, filed concurrently herewith.

23.     *Inadvertent Failures to Designate*. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

143656628v.2

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

24.    *Timing of Challenges*. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

25.    *Meet and Confer*. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must confer within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

26.    *Judicial Intervention*. The burden of persuasion in any challenge to a confidentiality designation shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose, may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

27.    *Basic Principles*. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, as well as any other litigation between the Parties arising from or related to the claims asserted in this Action. Such Protected Material may be

6

disclosed only to the categories of persons and under the conditions described in this Order. When such litigation has been terminated, a Receiving Party must comply with the provisions of Section XIV below. Protected Material must be stored and maintained by Outside Counsel of Record of a Receiving Party or an expert retained by Outside Counsel of Record of a Receiving Party for the purposes of this litigation at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

28.    *Disclosure of "Confidential" Information or Items*. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

a.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of litigation against the Designating Party;

b.    the officers, directors, and employees (including In-House Counsel and staff) of the Receiving Party to whom disclosure is reasonably necessary for purposes of litigation against the Designating Party;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

d.    the court and its personnel;

e.    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

7

143656628v.2

by the court.  Protected Material revealed in deposition testimony or exhibits to depositions may not be disclosed to anyone except as permitted under this Order; and

g.      the author or recipient of a document containing the information or a custodian who otherwise possessed the information.

29.      *Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items.* Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

a.      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b.      In-house counsel of the Receiving Party, including paralegals and support staff to the Receiving Party's in-house legal department, so long as: (1) such individual(s) has/have no involvement in competitive decision-making and (2) the disclosure is reasonably necessary for purposes of this litigation. No attorneys' eyes only information shall be stored on the Receiving Party's server or in any place accessible by the Receiving Party's employees other than those specified in this paragraph;

c.      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); provided, however, that the Producing Party receives a copy of the executed "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the information set forth in Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v) no later than fourteen (14) days prior to any disclosure of "Highly Confidential – Attorneys'

143656628v.2

Eyes Only" and the Producing Party does not object to such disclosure within seven (7) days of receipt of the notice and information;

d.      the court and its personnel;

e.      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

f.      the author or recipient of a document containing the information, a custodian who otherwise possessed the information, or any officer or representative of the Producing Party.

## VIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

30.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that Party must:

a.      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

c.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the Subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the

143656628v.2

Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions may be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

31.    To facilitate the disclosure of confidential information, the Parties agree that production of Non-Party materials deemed by the Non-Party to be confidential may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" provided that the Non-Party agrees to submit to the Court's jurisdiction and to be bound by the terms and conditions of this Order. Nothing in this provision may be construed as relieving a Party from producing responsive documents in its possession or control pursuant to an appropriate discovery request, nor may it be construed as prohibiting a Non-Party from seeking a protective order or any other legal protections otherwise available to it.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

32.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.    NON-DISCLOSURE OF PRIVATE INFORMATION

33.    Information possessed by any Party that may through disclosure violate, infringe upon, or affect its customers' and/or employees' right to privacy or security (hereafter "Private Information") may be redacted  from any documents produced by that Party. Private Information

includes, but is not limited to, Social Security Number, financial account and credit card, and personal contact information.

## XII.    MISCELLANEOUS

34.    *Right to Further Relief.* Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

35.    *Right to Assert Other Objections.* By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

36.    *Filing Protected Material.* Absent written permission of the Designating Party, or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this Action. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

## XIII.    FINAL DISPOSITION

37.    Within 60 days after the final disposition of this action, as defined in paragraph 20, each Receiving Party must either return all Protected Material to the Producing Party or destroy such material, as directed by the Producing Party. The Producing Party must notify the Receiving Party of its preference (*i.e.*, as to whether the Protected Material is either returned or destroyed) within 10 days after final disposition. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) confirms that all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to

143656628v.2

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV above.

## XIV.    JUDICIAL DISCRETION

38.    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

143656628v.2

## [PROPOSED] ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: March 10, 2025

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

13

143656628v.2

## EXHIBIT A

## Acknowledgment and Agreement to Be Bound

I hereby acknowledge that I, _____ (Name),

_____ (Position and Employer), am about to receive

Protected Materials supplied in connection with the Action (Case No. 24-cv-09803). I certify that

I understand that the Protected Materials are provided to me subject to the terms and restrictions

of the Stipulated Protective Order filed in this Action. I have been given a copy of the Stipulated

Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Protected Materials, as defined in the Stipulated Protective Order,

including any notes or other records that may be made regarding any such materials, shall not be

Disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not

copy or use, except solely for the purposes of this Action, any Protected Materials obtained

pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in

the Action.

I further understand that I am to retain all copies of all Protected Materials provided to me

in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my

personal custody until termination of my participation in this Action, whereupon the copies of such

Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of New York, that the

foregoing is true and correct. Executed this _____ day of _____, 20__.


Dated: _____          BY: _____
                                               Signature

                                               _____
                                               Title

                                               _____
                                               Address

                                               _____
                                               City, State, Zip

143656628v.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, I caused the within and foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

*/s/ Bryan G. Harrison*