UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x   Case No.:  24-cv-09803

SLICE INSURANCE TECHNOLOGIES, INC.,

    Plaintiff,

                                 **SOURCE CODE ADDENDUM TO**
                                 **STIPULATED PROTECTIVE ORDER**

              -against-

APPALACHIAN UNDERWRITERS, INC.

    Defendant.

------------------------------------------------------------x

**Source Code.**

    **A.**    A Producing Party[1] may designate source code as "Highly Confidential Information–Source Code" if it comprises or includes confidential, proprietary, or trade secret source code.

    **B.**    Protected material designated as "Highly Confidential Information-Source Code" shall be subject to all of the protections afforded to "Highly Confidential Information – Attorneys' Eyes Only" and may be disclosed only to the individuals set forth in Paragraph 29.a. and 29.c.-f. of the Stipulated Protective Order (Dkt. 31 at 8-9).

    **C.**    Any source code produced in discovery ("Source Code Material") shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Source code shall be made available for inspection on a secured computer ("Source Code Computer") in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code Material review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material.

    **D.**    Prior to the first inspection of the Source Code Computer, the Receiving Party shall provide five (5) business days' notice of the Source Code that it wishes to inspect.  Prior to the second or subsequent inspection of the Source Code Computer, the Receiving Party shall provide three (3) business days' notice of the Source Code that it wishes to inspect.  After the

---

[1] Unless otherwise indicated, terms defined in the Stipulated Protective Order (Dkt. 31) have the same meaning in this Source Code Addendum.

date and location of the source code inspection has been agreed upon, the Receiving Party shall identify in advance of the inspection all persons who will inspect the Producing Party's Source Code Material on behalf of a Receiving Party, including Receiving Party's Outside Counsel of Record, upon request of the Producing Party.

**E.** The Receiving Party may request paper copies of limited portions of Source Code Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code Material other than electronically as set forth in paragraph (c) in the first instance. The Receiving Party shall be permitted to make one printout of Source Code Material. The Receiving Party may not print more than thirty (30) consecutive pages or two hundred (200) total pages of Source Code Material from the Producing Party without prior written approval by the Producing Party or Order of the Court. Upon printing such pages of Source Code Material, the Producing Party shall provide all such Source Code Material in paper form including bates numbers and the label "Highly Confidential Information – Source Code." If the Producing Party objects to any printed portions, the Parties shall meet and confer within five (5) calendar days after the Producing Party has informed the Receiving Party of its objection and has stated with particularity the grounds for its objection. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and was printed for a permitted purpose.

**F.** The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. The Receiving Party's outside counsel shall make no more than three (3) additional copies of any portions of the Source Code Material, not including copies attached to court filings, only if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code Material in a secured, locked area and shall maintain a log of all paper copies of the Source Code Material. The log shall include the names of the reviewers of all paper copies. The Receiving Party shall provide a copy of this log to the Producing Party within five (5) business days of the Producing Party's request for a copy of the log, such request to include a reasonable basis for production (e.g., good cause). The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.

**G.** If any portion of Highly Confidential Information-Source Code is used during a deposition, pretrial proceedings, or the trial of this action, the transcript of such proceedings will identify the exhibit containing any Highly Confidential Information-Source Code by its production numbers only, and such transcript shall be designated in accordance with Section V of the Stipulated Protective Order. To the extent any Highly Confidential Information-Source Code material is quoted in any document or transcript, either the entire document or transcript will be stamped and treated as Highly Confidential Information-Source Code or at least those pages containing any Highly Confidential Information-Source Code will be separately bound, designated, and treated as Highly Confidential Information-Source Code. Any paper copies used during a deposition shall be retrieved by the Party that presented such

Source Code Material at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**H.** If counsel for the Receiving Party objects to a designation as Highly Confidential Information-Source Code hereunder, the following procedure shall apply:

1. Counsel for the Receiving Party shall serve on the Producing Party a written objection to such designation. Counsel for the Producing Party shall respond in writing to such objection within five (5) calendar days, and shall state with particularity the grounds for asserting that the document or information is Highly Confidential Information-Source Code. If the written objection expressly refers to this paragraph and the duty to respond within 5 days, and no timely written response is made to the objection, then the challenged designation will be deemed to be void. If the Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith within (5) calendar days in an effort to resolve the dispute.

2. If a dispute as to a designation as Highly Confidential Information-Source Code cannot be resolved by agreement, the Receiving Party shall present the dispute to the Court. The Producing Party shall have the burden of showing that the Source Code Material should be treated as designated pursuant to this Protective Order. The Source Code Material that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

## ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Source Code Addendum To Stipulated Protective Order.

IT IS SO ORDERED.

Dated: September 12, 2025
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**