```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SLICE INSURANCE TECHNOLOGIES, INC.,                          :
                              Plaintiff,                     :
                                                             :   24 Civ. 9803 (LGS)
              -against-                                      :
                                                             :          ORDER
APPALACHIAN UNDERWRITERS, INC.,                              :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 16, 2024, Plaintiff initiated this Action by filing a Complaint. Plaintiff filed portions of the Complaint and several of its exhibits provisionally under seal accompanied by a Motion for Leave to File a Civil Complaint Under Seal (the "Sealing Application").

WHEREAS, as the moving party, Plaintiff bore the burden of overcoming the presumption of public access to judicial documents. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *accord New York City Transit Auth. v. Westfield Fulton Ctr. LLC*, No. 24 Civ. 1123, 2025 WL 429714 at *1 (S.D.N.Y. Feb. 6, 2025). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).[1] "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel Sterling Best Shores*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, on December 17, 2024, Plaintiff's Sealing Application was conditionally approved by Order (the "Provisional Sealing Order"), which stated that "this case may be filed with a redacted complaint in a case available in public view on the court's ECF system and an unredacted complaint filed under seal in the traditional manner, in paper form."

WHEREAS, in April, May and August 2025, Defendant filed three motions to seal at Dkt. Nos. 42, 45 and 53.  The motions at Dkt. Nos. 42 and 45 pertain to information in Defendant's Partial Motion to Dismiss and subsequent Reply.  The motion at Dkt. No. 53 pertains to information in Defendant's Counterclaim.

WHEREAS, Defendant's three pending motions rely almost entirely on the Provisional Sealing Order and address the same general information as Plaintiff's Sealing Application, which necessitates reconsideration of the Provisional Sealing Order.

WHEREAS, Plaintiff's arguments in the Sealing Application are broad, general and conclusory, and do not fully substantiate why sealing is necessary.  To warrant sealing, Plaintiff must "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011).  Though a particular agreement between the parties contains a confidentiality provision, this provision alone does not overcome the presumption of public access. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).  Instead, Plaintiff must identify the competitive business interests that outweigh the presumption of public access for each specific piece of information that Plaintiff proposes to seal. *See Lytle*, 810 F. Supp. 2d

at 630 ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

WHEREAS, Plaintiff's Sealing Application fails to satisfy Plaintiff's burden.  For example, Plaintiff seeks to seal any mention of a particular agreement, yet the Sealing Application does not demonstrate how the mere fact of the agreement's existence would injure Plaintiff if publicly disclosed.

WHEREAS, as the Sealing Application does not adequately establish why sealing is warranted, supplemental briefing is required to assess both the appropriateness of the Provisional Sealing Order and Defendant's pending sealing motions.  It is hereby

**ORDERED** that by **October 22, 2025**, Plaintiff shall file a letter motion not to exceed five pages, addressing why the redacted information in the Complaint should remain sealed and following Individual Rule I.D.3.[2]  Plaintiff shall present specific argument as to each redacted portion of the Complaint and its exhibits.  Defendant may, but need not, file a responsive letter, not to exceed three pages, by **October 24, 2025.**

Dated: October 17, 2025
   New York, New York

   _____
   **LORNA G. SCHOFIELD**
   **UNITED STATES DISTRICT JUDGE**

---

[2] The Court's Individual Rules are available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/LGS%20Schofield%20Individual%20Rules%20Civil%20%20%28updated%203.18.25%29.pdf.