UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SLICE INSURANCE TECHNOLOGIES, INC.,    :
                                        Plaintiff,          :
                                                             :          24 Civ. 9803 (LGS)
                    -against-                                 :
                                                             :              **ORDER**
APPALACHIAN UNDERWRITERS, INC.,         :
                                        Defendant.          :
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed three motions to seal at Dkt. Nos. 42, 45 and 53. Defendant's pending sealing motions rely almost entirely on the previously approved redaction of certain matters in the Complaint, necessitating reconsideration of that prior provisional approval. For the reasons below, Plaintiff shall refile the Complaint and its exhibits without redactions, and Defendant's motions to seal are denied.

**Background**

WHEREAS, on December 16, 2024, Plaintiff filed a Motion for Leave to File a Civil Complaint Under Seal, accompanied by a memorandum of law in support of its motion ("Plaintiff's Sealing Application"). Plaintiff's Sealing Application is broad, general and conclusory, and does not fully substantiate why Plaintiff's proposed redactions to the Complaint are necessary.

WHEREAS, on December 17, 2024, Plaintiff's Sealing Application was conditionally approved (the "Provisional Sealing Order").

WHEREAS, on December 19, 2024, Plaintiff initiated this action and filed a redacted version of the Complaint and its exhibits on the public docket as permitted by the Provisional Sealing Order. The Complaint alleges, inter alia, that Defendant surreptitiously cloned the

proprietary web-based insurance platform Plaintiff created for Defendant, in violation of

Defendant's contractual obligations to Plaintiff, as well as state and federal law.

WHEREAS, in April, May and August 2025, Defendant filed three motions to seal. *See*

Dkt. Nos. 42, 45 and 53.  The motions at Dkt. Nos. 42 and 45 pertain to information in

Defendant's Memorandum in Support of its Partial Motion to Dismiss (Dkt. No. 40) and

subsequent Reply Memorandum (Dkt. No. 47).  The motion at Dkt. No. 53 pertains to

information in Defendant's Counterclaims (Dkt. No. 55).

WHEREAS, the motions seek to redact references to (1) the parties' Licensing

Agreement, (2) the alleged breaches of that agreement and of the platform's Terms of Use, (3)

the parties' communications concerning those alleged breaches and (4) associated exhibits.

WHEREAS, Defendant's three pending sealing motions rely almost entirely on the

Provisional Sealing Order and contain the same broad, general and conclusory arguments as

Plaintiff's Sealing Application.  Consequently, on October 17, 2025, Plaintiff was ordered to

submit supplemental briefing, and Defendant was permitted to file a responsive letter.  *See* Dkt.

No. 69.

WHEREAS, pursuant to the October 17, 2025, Order, Plaintiff and Defendant each filed

letters addressing whether the previously redacted matters in the Complaint should remain

redacted.  The letters state that both parties believe the redactions to the Complaint and its

exhibits are no longer necessary.  *See* Dkt. Nos. 70 and 71.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document, either in part or

in its entirety.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch*

*v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether

2

the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1]  *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* at 120.

WHEREAS, the party moving to place documents under seal bears the burden of showing that higher values overcome the presumption of public access.  *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *accord N.Y.C. Transit Auth. v. Westfield Fulton Ctr. LLC*, No. 24 Civ. 1123, 2025 WL 429714, at *1 (S.D.N.Y. Feb. 6, 2025).  "Examples of 'higher values' include protecting the attorney-client privilege, the privacy of innocent third parties, and the confidentiality of sensitive commercial information."  *ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 Misc. 177, 2024 WL 1702383, at *1 (S.D.N.Y. Apr. 18, 2024).

WHEREAS, the presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch*, 435 F.3d at 120.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted and all alterations are adopted.

sealing." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021).

**Discussion**

WHEREAS, Plaintiff shall file on the public docket the Complaint and its exhibits without any redactions, and Defendant's three pending sealing motions are denied because (1) all documents at issue are judicial documents, (2) each document carries a strong presumption of public access and (3) there are no competing considerations demonstrating that higher values overcome the presumption of public access.

WHEREAS, first, the Complaint and documents filed in connection with Defendant's Partial Motion to Dismiss and Counterclaims are all judicial documents to which the presumption of public access attaches. *See Giuffre v. Maxwell*, 146 F.4th 165, 177 (2d Cir. 2025) (per curiam) (explaining that "dispositive motions as well as pleadings" are judicial documents to which the presumption of public access applies); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-140 (2d Cir. 2016) ("We . . . easily conclude that a complaint is such a document . . . access to the complaint is almost always necessary if the public is to understand a court's decision."); *Flores v. Gonzalez*, No. 23 Civ. 4490, 2025 WL 2613030, at *1 (S.D.N.Y. Aug. 13, 2025) ("[A]ll pleadings, including a complaint, are judicial records subject to a presumption of public access.").

WHEREAS, second, the presumption of public access to each of these documents is strong. "The locus of the inquiry is, in essence, whether the document is presented to the court to invoke its powers or affect its decisions." *Bernstein*, 814 F.3d at 142. As to the Complaint, "the weight of th[e] presumption is strong because the complaint is 'highly relevant to the exercise of Article III judicial power' and the complaint 'invokes the powers of the court, states

the causes of action, and prays for relief.'" *Haider v. Geller & Co.*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting *Bernstein*, 814 F.3d at 142). As to the documents filed in connection with Defendant's Partial Motion to Dismiss and Counterclaims, "pleadings and dispositive motions that qualify as judicial documents bear a particularly strong presumption of public access" because these "documents implicate a court's core adjudicative role." *Giuffre*, 146 F.4th at 177, 181; *see also Bernstein*, 814 F.3d at 142 (determining that a document submitted to a court in connection with a dispositive motion was "entitled to a strong presumption of access").

WHEREAS, third, there are no competing considerations sufficient to overcome the strong presumption of public access to these documents. In each instance, the party moving to seal fails to demonstrate that its proposed redactions are essential to preserve higher values and are narrowly tailored to serve that interest. *See Lugosch*, 435 F.3d at 120. As to this stage of the analysis, the Complaint and each of Defendant's sealing requests are discussed in greater detail below.

### *The Complaint*

WHEREAS, the information redacted in the Complaint warrants unsealing. Plaintiff's Sealing Application fails to demonstrate why its proposed redactions are essential, and neither party now opposes disclosure. *See* Dkt. Nos. 70, 71. As there are no longer any competing considerations at issue, Plaintiff shall file on the public docket the Complaint and its exhibits without any redactions. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140-42 (2d Cir. 2004) (holding that a district court may sua sponte unseal judicial records in exercise of its "supervisory power over its own records and files" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))); *accord Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 714 F. Supp. 3d 416, 448  (S.D.N.Y. 2024), *aff'd*, No. 24 Civ. 423, 2025 WL 289499 (2d Cir. Jan. 24, 2025).

*Defendant's Pending Sealing Motions*

WHEREAS, Defendant's three sealing motions fail to raise competing considerations sufficient to overcome the rebuttable presumption of public access and are therefore denied. Defendant relies on two primary arguments for sealing: (1) consistency with the Provisional Sealing Order and (2) protecting the confidentiality of settlement communications.  For the reasons below, Defendant's arguments are unavailing, and its motions are denied.

WHEREAS, first, Defendant's sealing motions are denied to the extent they rely on the Provisional Sealing Order.  Defendant's motions at Dkt. Nos. 42 and 45 seek to redact the same general information redacted in the Complaint: references to the parties' Licensing Agreement, the alleged breaches of that agreement and of the platform's Terms of Use and associated exhibits.  Defendant's motion at Dkt. No. 53 pertains, in part, to the same information. Defendant originally requested that this information remain redacted consistent with the Provisional Sealing Order.  The instant Order requires removal of the redactions in the Complaint, and Defendant raises no distinct arguments for redacting the same information at issue.  Defendant's motions at Dkt. Nos. 42 and 45 to redact portions of its Partial Motion to Dismiss and subsequent Reply are therefore denied.  Defendant's motion at Dkt. No. 53 to redact portions of its Counterclaims also fails to the extent it relies on the Provisional Sealing Order.

WHEREAS, second, Defendant's sealing motions are also denied to the extent they seek redactions to protect the confidentiality of settlement communications.  In addition to material redacted in the Complaint, Defendant's motion at Dkt. No. 53 seeks to redact references to (and exhibits of) letters exchanged between the parties after the filing of the Complaint.  These letters (1) dispute the status of the parties' Licensing Agreement and alleged ongoing violations of that agreement and (2) make demands regarding the use of the platform and outstanding financial

6

obligations.  Defendant argues that the public does not have a right of access to these communications because they are confidential settlement communications.  *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at \*5 (S.D.N.Y. June 17, 2020) ("[P]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials.").

WHEREAS, Defendant's argument fails because the materials at issue are not settlement communications outweighing the presumption of public access. First, the communications Defendant seeks to redact are not the type of "settlement communications" courts have routinely shielded from public view.  *Cf. United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857-58 (2d Cir. 1998) (granting sealing of "settlement negotiations, draft agreements, and conference statements"); *Telegram Grp.*, 2020 WL 3264264, at \*5 (granting sealing of exhibit to motion to compel constituting "materials prepared for and used during settlement discussions"). Second, the presumption of public access to the materials Defendant seeks to redact is particularly strong as this information is crucial to Defendant's Counterclaims.  *Compare Giuffre*, 146 F.4th at 179 (explaining that "if the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision," any materials the judge is being asked to rely upon in making her decision are "deserving of disclosure"), *with Glens Falls*, 160 F.3d at 857 ("[A]ccess to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts . . . These are not discussions or documents presented to the court to invoke its powers or affect its decisions.").  Finally, disclosure of the parties' communications surrounding their ongoing business dispute does not carry the risk of harming or otherwise chilling the settlement process.  *Cf. In re Gen. Motors LLC*

7

*Ignition Switch Litig.*, No. 14 Misc. 2543, 2016 WL 1317975, at *1-2 (S.D.N.Y. Mar. 2, 2016) (granting motion to seal documents related to a settlement with certain MDL plaintiffs where "disclosure of the settlement documents would [have] impair[ed] ongoing settlement discussions with other MDL [p]laintiffs").  For these reasons, the materials Defendant seeks to redact are not settlement communications sufficient to overcome the presumption of public access.  Defendant's motion at Dkt. No. 53 is therefore denied.  It is hereby

**ORDERED** that by **January 6, 2026**, Plaintiff shall refile on the public docket the Complaint and its exhibits without redactions.  It is further

**ORDERED** that the motions at Dkt. Nos 42, 45 and 53 are **DENIED**.

The Clerk of the Court is respectfully directed to close the motions at Dkt. Nos. 42, 45 and 53 and to unseal the documents at Dkt. Nos. 40, 47 and 55, including all associated exhibits.

Dated:  December 18, 2025
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**