**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

SLICE INUSRANCE TECHNOLOGIES,
INC.,

                                 **Plaintiff,**

             **-against-**

APPALACHIAN UNDERWRITERS, INC.,

                              **Defendant.**

-------------------------------------------------------------------X

**24-CV-9803 (LGS )(SN)**

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 4/30/2026

**SARAH NETBURN, United States Magistrate Judge**:

The parties remain unable to agree upon a location for the depositions of Ms. Farrell and Mr. Janes, two officers of Plaintiff Slice Insurance Technologies, Inc. ("Slice"). See ECF Nos. 129, 137 & 138. Defendant Appalachian Underwriters, Inc. ("AUI") has noticed the depositions for New York, New York. Slice proposes that the depositions occur in Ottawa, Canada at its solicitor's office.

"[C]ourts retain substantial discretion to determine the site of a deposition." Alpha Capital Anstalt v. Real Goods Solar, Inc., 323 F.R.D. 177, 178 (S.D.N.Y. 2017) (citations omitted). "As a general rule, a plaintiff will be required to make [itself] available for a deposition in the forum where [it] brought suit." Packard v. City of New York, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) (internal citation and quotation marks omitted). "However, this is not an absolute rule, and courts must strive to achieve a balance between claims of prejudice and those of hardship." Id. Additionally, "the party noticing the deposition usually has the right to choose the location." Trs. of Loc. 813 Ins. Tr. Fund v. Indus. Recycling Sys., Inc., No. 12-cv-1522 (NG)(RLM), 2013 WL 6178579, at *2 (E.D.N.Y. Nov. 25, 2013). Finally, "[w]here a corporation is involved as a party

to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." Buzzeo v. Bd. of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citing Snow Becker Krauss P.C. v. Proyectos e Instalaciones de Desalacion, S.A., 1992 WL 395598, at *3 (S.D.N.Y. Dec. 11, 1992)). "[T]his translates to a presumption that officers, directors, and managing agents should be available for deposition at the company's headquarters." Alpha Cap. Anstalt v. Real Goods Solar, Inc., 323 F.R.D. 177, 178–79 (S.D.N.Y. 2017) (quoting 3 Robert L. Haig, Business and Commercial Litigation in Federal Courts § 23:33 (3d ed. 2011)).

Each of these presumptions favors the forum location. Slice filed this action in the Southern District of New York and has "its principal place of business in New York City, New York." First Am. Compl., ¶ 2. AUI also noticed the depositions of Slice's officers to occur in New York City. Slice has failed to set forth any reasons to justify diverging from this result. It does not raise cost concerns – which would, in any event, be outweighed by the cost of having counsel and any party representatives travel to Canada – or defend requiring the *Defendant* to conduct its deposition at the *Plaintiff's* solicitor's office. Moreover, Slice has not provided any information to assure the Court that depositions conducted in a foreign country would not implicate additional procedural and enforcement issues that are not present when the depositions are conducted in this District.

Accordingly, the depositions of Ms. Farrell and Mr. Janes shall take place in the Southern District of New York at a mutually agreeable date and location.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      April 30, 2026
            New York, New York

2