UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SLICE INSURANCE TECHNOLOGIES,
INC.,

                                        **Plaintiff,**                          **24-CV-09803 (LGS)(SN)**

                  -against-                                                      **ORDER**

APPALACHIAN UNDERWRITERS, INC.,

                                        **Defendant.**

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 6/22/2026 ___

**SARAH NETBURN, United States Magistrate Judge:**

In the Southern District of New York, depositions of officers of a corporate plaintiff are typically held in the forum. Packard v. City of New York, 326 F.R.D. 66, 68 (S.D.N.Y. 2018). Slice Insurance Technologies, Inc. ("Slice") filed this action in the Southern District of New York, where it is headquartered. Since at least February, it has refused to produce one of its officers for an in-person deposition in New York. See ECF No. 112 (setting forth Slice's position of refusing to produce Lore Farrell in exchange for an in-person Rule 30(b)(6) deposition); ECF No. 138 (Slice offering to produce Ms. Farrell in Ottawa, Canada). The Court has been called upon to adjudicate this dispute several times. See ECF Nos. 125, 139.

On April 30, 2026, the Court ordered Ms. Farrell's in-person deposition in New York. ECF No. 139. Approximately 40 days later, Slice moved for reconsideration. ECF No. 143. According to Slice, Ms. Farrell is no longer able to travel to New York because of her obligations to care for her infirm mother. Slice maintains that Ms. Farrell's mother's health has precipitously declined in the recent days. See ECF Nos. 143, 149.

The Court is not interested in further inquiry into this personal matter and grants Slice's (untimely) motion for reconsideration. Ms. Farrell's deposition will take place in Ottawa, where Ms. Farrell resides. At the election of Appalachian Underwriters, Inc. ("AUI"), the deposition will occur in person (in Ottawa) or remotely. But Slice's refusal to produce Ms. Farrell has been unreasonable since at least February 2026, and its efforts to prevent this deposition or force AUI to depose Ms. Farrell at Slice's solicitor's office in Canada have required AUI to incur significant legal fees. All of this would have been avoided if it had just agreed to produce a "key witness" in the forum district back in February. ECF No. 125. Accordingly, the Court orders Slice to cover the legal fees expended by AUI's counsel in connection with scheduling this deposition. Fed. R. Civ. P. 37(a)(5); 28 U.S.C. § 1927. The parties are ordered to meet and confer to reach an agreement on these fees. If necessary, any fee application shall be filed, with supporting contemporaneous time records, by July 22, 2026.

### CONCLUSION

AUI must conduct the deposition of Lore Farrell in Ottawa, Canada, either in person or remotely, at its election. Slice must pay the legal fees incurred in connection with the motion practice related to Ms. Farrell's deposition. If the parties cannot resolve this issue, a fee application should be filed by July 22, 2026.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      June 22, 2026
            New York, New York

2